UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DALLAS FORD,<br><br>　　　　　Defendant. | 5:22-CR-50058-JLV<br><br><br>ORDER DENYING MOTION FOR RETURN TO STATE CUSTODY |

**PROCEDURAL HISTORY**

Defendant Dallas Ford was charged on March 17, 2022, in an Indictment with Possession of Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(3), 922(g)(9) and 924(a)(2). A Writ of Habeas Corpus ad Prosequendum was entered on August 30, 2022, as Mr. Ford was serving a state court sentence and was being held in state custody at the Rapid City Community Work Center in Rapid City, South Dakota. (Docs. 5, 6, 7 and 9).

On January 6, 2023, Mr. Ford pled guilty to the charge in the Indictment. Sentencing is scheduled for April 14, 2023.

On January 11, 2023, Mr. Ford filed a motion to release him on bond to allow him to return to state custody so he can address his initial parole date with the South Dakota Department of Corrections. (Doc. 42). The government opposes the motion.

## DISCUSSION

A.  **Reopening the detention hearing.**

The court previously determined that Mr. Ford is a danger to the community and a risk of flight. Although not captioned as such, what Mr. Ford seeks is to reopen the detention hearing.

18 U.S.C. § 3142(f)(2)(B) provides that "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The court finds that Mr. Ford offers no new information that didn't exist or wasn't known to him at the time of the hearing. Therefore, the court will not reopen the detention hearing. However, for purposes of supplementing the oral record at the detention hearing and its order of detention, the court will set forth its legal and factual basis for detaining Mr. Ford.

B.  **Risk of flight and danger the community**

The Bail Reform Act, 18 U.S.C. § 3142, governs the pretrial release of defendants in federal district court. Although Mr. Ford's case is governed by §3143, as discussed *infra*, the court will set forth its analysis of the § 3142 factors in order to reach its conclusion as to whether release is appropriate. In

determining whether to release or detain Mr. Ford, the court is required to consider the following:

 (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a firearm;

 (2) the weight of the evidence against the person;

 (3) the history and characteristics of the person including:

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

 (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). For the ordinary case, the Act specifies a presumption in favor of release. 18 U.S.C. § 3142(a), (b), (c), and (e). The government may move for detention based on either risk of flight or danger to the community or others (or both grounds). 18 U.S.C. § 3142(f)(1).

In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence. United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985). In order to justify detention based on a defendant's

dangerousness, the danger must be established by clear and convincing evidence. 18 U.S.C. § 3142(f).

Here, Mr. Ford was indicted for Possession of Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(3), 922(g)(9) and 924(a)(2). As to the weight of the evidence, a grand jury has found probable cause to believe Mr. Ford has committed the offense in the indictment. As noted *infra* Mr. Ford has now pled guilty and been adjudicated guilty of the offense.

As for the remaining factors the court is to consider, Mr. Ford is approximately 27 years old. From the time Mr. Ford was 18 until his most recent conviction (a span of less than 10 years), Mr. Ford has been charged with 12 felony offenses; he has been convicted of 4 felony drug charges. A number of Mr. Ford's criminal charges arise from domestic abuse allegations. The court finds that Mr. Ford's substance abuse history and arrests for domestic violence poses a danger to the community if he were to be released.

Under the Bail Reform Act, the court is also to consider a person's record concerning appearances at court proceedings. Bench warrants were issued on a number of occasions for Mr. Ford's failure to appear at court proceedings. Mr. Ford was convicted of a felony Failure to Appear charge and received a 2 year custody sentence. These facts establish that Mr. Ford is a flight risk.

Based on Mr. Ford's s extensive criminal history, his substance abuse history, and his failures to appear, the court finds that Mr. Ford is a flight risk and a danger to the community.

C. **Whether returning Mr. Ford's to state custody constitutes a condition which would reasonably assure the Defendant's appearance and the safety of the community**.

Mr. Ford's argument is that remanding him to state court custody would "most productively resolve the issues relating this case . . .and be most helpful if Defendant could return to State custody, and then be returned to Federal Custody to be sentenced." (Doc. 42). Mr. Ford suggests that the court impose a condition of his bond that he stay in state court custody until he is paroled and then he be returned to federal custody. In his motion, Mr. Ford states he would waive any rights he has under the Interstate Agreement on Detainers Act.

Mr. Ford had entered a guilty plea is awaiting sentencing. Release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Mr. Ford fails to point to any other section of the United States Criminal Code which applies to the court's analysis. The plain language of 18 U.S.C. § 3143 does not support a finding that the defendant should be released or returned to state custody. On the contrary, it dictates:

> Except as provided in paragraph (2), the judicial officer **shall** order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline[1] promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, **be detained**, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

---

[1] Although Mr. Ford's presentence investigation report has not yet been filed, given Defendant's prior felony conviction history and the nature of the Possession of a Firearm by a Prohibited Person charge to which he pled guilty, the court anticipates that the applicable guidelines will recommend a term of imprisonment.

5

18 U.S.C. § 3143 (emphasis added).  Absent, is any provision allowing the court to release a defendant or return them to state court custody.  As discussed above, the defendant is a risk of flight and danger to the community, so detention in federal custody is mandatory.

Accordingly, it is hereby ORDERED that the Motion to Return to State Custody (Doc. 42) is denied.

DATED this 19th day of January, 2023.

BY THE COURT:

/s/ Daneta Wollmann
DANETA WOLLMANN
United States Magistrate Judge